U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 17 2013

CLERK, U.S. DISTRICT COURT
By _____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § § | NO. 4:13-CV-221-A (NO. 4:12-CR-072-A) |
| MANUEL SANDOVAL-MARTINEZ | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Manuel Sandoval-Martinez, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply, titled a "Response to Government's Response." Having now considered all of the parties' filings, the entire record of this case, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On April 13, 2012, movant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846. On July 27, 2012, the court sentenced movant to a term of imprisonment of 135 months, to be followed by a three-year term of supervised release. Movant did not appeal.

II.

Grounds of the Motion

Movant asserted three grounds for relief, all of which appear to pertain to movant's guilty plea. The sum of movant's contentions is that his attorney, Todd Durden ("Durden"), rendered ineffective, deficient and prejudicial representation during the plea process. Although not explicitly stated, it appears movant is attempting to contend that his guilty plea was unknowing and involuntary.

The first ground is stated as "[w]hether [movant's] right to collateral attack will be upheld by the Supreme Court ruling of March 2012." Mot. at 7. The attachment to the motion maintains that Durden did not adequately explain the process of negotiating the plea agreement, such that movant did not have a clear understanding of the process or of the nature of his guilty plea. Movant relies on the Supreme Court's opinion in Missouri v. Frye, ___ U.S. ___, 132 S. Ct. 1399 (2012), in support of this ground.

The second ground questions whether Durden's actions were unprofessional and prejudiced the outcome of the judgment and sentence. Movant claims that Durden told him that by signing the plea agreement he would receive a sentence of no more than 111 months. According to movant, Durden's failure to understand that

2

the court would ultimately decide movant's sentence caused Durden to give movant ineffective advice as to his guilty plea.

The third ground is whether movant's plea agreement upheld movant's constitutional rights. Movant claims that he signed a plea agreement for 111 months, and the court was obligated to honor the agreement. However, the court violated his right to plead guilty, and Durden failed to defend that right.

### III.

### Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal

3

but, if condoned, would result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

<u>None of the Grounds Has Merit</u>

A. <u>Applicable Legal Standards</u>

To prevail on a claim of ineffective assistance of counsel, movant must establish that counsel's performance fell below an objective standard of reasonableness. <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984). To prevail on such a claim movant must show (1) that counsel's performance was deficient, and (2) movant was prejudiced by counsel's errors. <u>Id.</u> at 687. Prejudice means that movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Id.</u> at 694. In the context of a guilty plea, prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. <u>Id.</u> at 687, 697.

4

Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

B. Merits[1]

For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations omitted). However, "[t]he defendant need only understand the

---

[1] The court will address the three grounds of the motion together, as all pertain to movant's guilty plea.

5

direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." Id. (internal citations omitted). The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

Here, the record fails to support movant's contention that his guilty plea was unknowing and involuntary. As an initial matter, contrary to movant's assertions, a criminal defendant "has no right to be offered a plea." Frye, 132 S. Ct. at 1410 (citation omitted). Thus, to the extent movant is attempting to contend that Durden was ineffective for failing to secure a plea agreement, this claim fails.

The basis of movant's contention that he signed a plea agreement for 111 months is unclear, as the record reflects that no plea agreement was offered due to movant being charged with only a single-count information. Arraignment Tr. at 8, 25.

6

Movant's claim that the court failed to honor a purported 111-month plea agreement thus appears to have no factual or evidentiary basis and is without merit.

Nor does the record support any contention that movant relied on a promised 111-month sentence in pleading guilty. Movant signed a factual resume which plainly stated, on the first page, that the penalty he faced, along with a fine, was "not more than 20 years imprisonment." Factual Resume at 1. During his arraignment hearing movant testified that the factual resume was read to him in his language, he discussed the document with Durden, and he understood everything Durden told him about it before he signed it. Arraignment Tr. at 21-22. The court further explained that it would determine movant's punishment, whether he pleaded guilty or proceeded to a jury trial. Id. at 6. The court discussed the possible penalties movant could face if he persisted in his guilty plea, including a term of imprisonment of up to twenty years, plus payment of a fine of one million dollars. Movant testified he understood that he faced such penalties by pleading guilty. Id. at 25. Movant also testified, in response to the court's questioning, that no one had made any promises or assurances to him to induce him to plead guilty. After all of the foregoing, the court determined that

7

movant's guilty plea was knowing and voluntary. Id. at 27-28.

To now obtain habeas relief on the basis of an alleged promise that is inconsistent with all of the above representations made by movant in open court, movant was required to prove "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant is also required to produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id.

Although movant claims Durden told movant he was signing a plea agreement limiting his term of imprisonment to 111 months, no plea agreement is in the record, and counsel for movant and the government made clear at movant's arraignment hearing that he was pleading guilty without a plea agreement. Even accepting movant's contention that Durden told movant he would only receive 111 months, movant has failed to show exactly when and where such a promise was made, or "the precise identity of an eyewitness to the promise." Cervantes, 132 F.3d at 1110. Nor has movant produced any independent indicia of the merits of his allegations, and so has failed to overcome the representations as

8

to the voluntary nature of his guilty plea made during his arraignment hearing.

Movant has also failed to show he was prejudiced by any purported failure of Durden to explain the process of pleading guilty and how such a plea affected movant's constitutional rights. During movant's arraignment hearing, the court fully explained all of the constitutional rights movant would waive by pleading guilty, and movant testified that he understood the court's explanations. Arraignment Tr. at 4-5. The court also explained in detail the sentencing process, including preparation of the presentence report, its importance to the court in determining the sentence to impose, and application of the sentencing guidelines. Movant again testified that he understood the court's explanations. <u>Id.</u> 8-13. Following all of the court's explanations, movant persisted in his guilty plea. Accordingly, movant cannot show, nor has he alleged, a reasonable probability that, but for Durden's alleged errors, he would not have pleaded guilty but would have gone to trial. <u>Hill</u>, 474 U.S. at 59.

Finally, movant's reliance on <u>Frye</u> is misplaced. The issue in <u>Frye</u> was whether "the constitutional right to counsel extends to the negotiation and consideration of plea offers that lapse or

are rejected." 132 S. Ct. at 1404. Movant has not alleged that the government made a plea offer that lapsed or that he rejected on the advice of Durden.[2]

V.

Order

Therefore,

The court ORDERS that the motion of Manuel Sandoval-Martinez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 17, 2013.

JOHN McBRYDE
United States District Judge

---

[2] As discussed, although movant claims he signed a plea agreement for 111 months, there is no evidence in the record of any such agreement. Instead, the uncontroverted evidence is that no plea agreement was offered because movant was charged with a one-count information.

10